**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 16 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ELIAS ISMAEL PICHINTE HENRIQUEZ; INGRID JEANETH ACOSTA YGLESIAS; LIAM ISMAEL PICHINTE ACOSTA,<br><br>Petitioners,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No. 24-85<br><br>Agency Nos.<br>A208-133-433<br>A220-146-598<br>A220-146-599<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 11, 2024**
Pasadena, California

Before: PAEZ, NGUYEN, and HURWITZ, Circuit Judges.

Elias Ismael Pichinte Henriquez, his wife Ingrid Jeaneth Acosta Yglesias, and

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

their minor child (collectively, "Pichinte"), natives and citizens of El Salvador, petition for review of a decision by the Board of Immigration Appeals ("BIA") dismissing an appeal from an order of an Immigration Judge ("IJ") denying asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Exercising jurisdiction under 8 U.S.C. § 1252, we deny the petition.

1.	Substantial evidence supports the agency's conclusion that Pichinte's proposed particular social group ("PSG") of "Salvadoran business owners" is not cognizable. *See Macedo Templos v. Wilkinson*, 987 F.3d 877, 882-83 (9th Cir. 2021) (holding that a proposed PSG of "wealthy business owners" lacked immutability). Moreover, substantial evidence also supports the agency's conclusion that Pichinte failed to show a nexus between the proposed PSG and any past or feared future harm. Rather, the record supports the agency's conclusion that the gang members who threatened Pichinte did so to learn the whereabouts of a woman who had stolen from them, not because he was a member of any PSG.

2.	Substantial evidence also supports the denial of CAT relief. To obtain CAT protection, an applicant must "establish that it is more likely than not that he or she would be tortured if removed." 8 C.F.R. § 1208.16(c)(2). "[P]ast torture is ordinarily the principal factor" in assessing whether an applicant will likely experience future torture. *Nuru v. Gonzales*, 404 F.3d 1207, 1218 (9th Cir. 2005). There is no claim of past torture in this case. And, as the BIA correctly noted,

"evidence that a government has been generally ineffective in preventing or investigating criminal activities" does not give rise to an inference "that public officials are likely to acquiesce in torture." *Garcia-Milian v. Holder*, 755 F.3d 1026, 1034 (9th Cir. 2014).[1]

**PETITION FOR REVIEW DENIED.** The stay of removal, Dkt. 2, shall dissolve on the issuance of the mandate.

---

[1] The government's motion to amend the caption, Dkt. 12, is denied because Ingrid and the child are properly identified in the caption of the petition for review by their agency numbers. *See Cuevas Torres v. Garland*, No. 23-146, 2024 WL 1795146, at *1 n.1 (9th Cir. Apr. 25, 2024) (finding that correctly listing agency numbers complied with Federal Rule of Appellate Procedure 15(a)(2)(A)).